The judgment of the court was pronounced by
Preston, J.
The plaintiff sues on promissory notes. They were given to one Gammon for impi'ovements on public land, and by him transferred to the plaintiff, who was aware of the consideration.
The defendant is in possession of the improvements, but pleads that the sale of them to him, was an unlawful consideration for the notes, as his vendor was a violator of the laws of the United States against trespasses upon the publie land. There is nothing to show that Gammon was not in a situation to acquire the land by preemption, nor that the land was not liable to be acquired by preemption by an actual settler; and we will presume that he settled upon and improved it for that laudable purpose rather than as a trespasser, because there is no proof to the contrary. We will presume too, that Curran purchased the improvement and settled upon it to acquire the land by preemption, and was in the situation Which entitled him to acquire the land from the government.
The case is, therefore, unlike that of Jenkins v. Gibson, where the purchaser of the improvements residing in another State, and being a large landholder in Louisiana was not in a situation to avail himself of the preemption laws passed by Congress in favor of actual settlers, and the previous possessors were mere trespassers on the public land.
The legislation of Congress has for years encouraged settlements upon and improvements of the public land, with a view to its acquisition by actual settlers by preemption. The act of 1841 was intended to further this great object, not to restrict it; and the tenth section of the act, as well as the fifth section of the act approved the third of March, 1843, should be liberally construed to promote the wise policy of the government in appropriating the public land as fast as possible to the object to which it was destined by nature, improvement and cultivation by the actual settler.
The judgment of the district court is affirmed, with costs.